Joseph G. Adams (#018210)
J. Damon Ashcraft (#024896)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: 602-382-6000
Facsimile: (602) 382-6070
E-mail: jgadams@swlaw.com
            dashcraft@swlaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanga.com, LLC, a Delaware limited liability company; Tanga.com, LLC, a Utah limited liability company,<br><br>                Plaintiffs,<br><br>v.<br><br>Christopher Gordon, an individual,<br><br>                Defendant. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND CANCELLATION OF TRADEMARK REGISTRATIONS**<br><br>(Jury Trial Demanded) |

Plaintiffs Tanga.com, a Delaware limited liability company, and Tanga.com, LLC, a Utah limited liability company (together "Tanga"), for their complaint against defendant Christopher Gordon ("Gordon"), an individual, allege as follows:

**THE PARTIES**

1.  Tanga.com, LLC is the name of a Delaware limited liability company with its principal place of business located in Chandler, Arizona. This company conducts the current business of Tanga.

2.  Tanga.com, LLC also is the name of a Utah limited liability company with its principal place of business located in Chandler, Arizona. This company formerly conducted the business of Tanga.

19930365

3. Gordon is, upon information and belief, an individual who resides in Los Angeles, California. Upon information and belief, Gordon transacts interstate business in Arizona and elsewhere.

**JURISDICTION AND VENUE**

4. This is an action that seeks declaratory relief under 28 U.S.C. § 2201 and cancellation of federal trademark registrations under 25 U.S.C. § 1119 based on Gordon's claims to trademarks that include the wording "Honey Badger." In particular, this complaint seeks a declaratory judgment of non-infringement under federal trademark law, federal copyright law, and unfair competition law, and cancellation of four trademark registrations on the grounds that they are generic and do not indicate any particular source of goods.

5. This Court has jurisdiction over the subject matter by virtue of 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1119 and 1121. There is a substantial, immediate, and real controversy between the parties as to their legal interests. Gordon has created a real and reasonable apprehension of alleged liability on the part of Tanga based on actions taken by Gordon that are specifically directed at Arizona.

6. This Court has personal jurisdiction over Gordon because Gordon has purposefully availed himself of the privilege of conducting business in Arizona. Moreover, Gordon's conduct was intentionally and expressly aimed at Tanga in Arizona, causing harm, the brunt of which is suffered and which Gordon knows is likely to be suffered in Arizona. Gordon's conduct has created a real and reasonable apprehension of alleged liability on the part of Tanga based on actions taken by Tanga in Arizona.

7. Venue is proper in this district because Gordon is subject to personal jurisdiction here and because a substantial part of the events or omissions giving rise to Tanga's claim against Gordon occurred here.

- 2 -

19930365

**FACTUAL BACKGROUND**

8. The honey badger is an aggressive, carnivorous animal native to Africa, Southwest Asia, and the Indian Subcontinent.

9. The honey badger has been become known to the general public in the United States due to its unusually aggressive nature and its ability to withstand attacks from other animals in spite of its relatively small size. Many observers in the media have documented the unusual traits of the honey badger, such as its aggressive attitude, hunting tenacity, and seeming ability to not care about potential harm to itself.

10. The unusual nature of the honey badger has been known for generations. For instance, the 1941 volume of *The Fauna of British India* that reported on the honey badger's tendency to dig up and devour human corpses. The honey badger also is known for eating snakes, some of which are highly poisonous such as the king cobra snake, which the honey badger can devour after being bitten by the king cobra snake.

11. In 2010, the website Cracked.com, published a list entitled "6 Animals That Just Don't Give A F#@ck" which, not surprisingly, listed the honey badger as the No. 1 animal that "Just Don't Give A F#@ck."

12. To capitalize on the honey badger's reputation, Gordon published and distributed a video featured on YouTube that is titled "The Crazy Nastyass Honey Badger (original narration by Randall)." The video is located at http://www.youtube.com/watch?v=4r7wHMg5Yjg.

13. Gordon's video consists of footage of the honey badger that he copied from National Geographic. Gordon's sole contribution was to replace the original narration in the National Geographic documentary with his own sarcastic and comedic narration regarding the honey badger.

14. In view of the decades of documentaries, articles, and videos featuring the honey badger, the public understands that the term "honey badger" to be a generic phrase

- 3 -

19930365

that refers to the animal or to the traits embodied by the animal in a wide variety of contexts.

15. For instance, "Honey Badger" is the well-known nickname of professional football player Tyrann Mathieu, who now plays for the Arizona Cardinals and previously played for Louisiana State University. Gordon himself recognized the likeness of Mr. Mathieu's athletic abilities to the honey badger and was quoted in the *Washington Post* as saying "He plays with such heart and vigor" and "It's just very exciting. To me, that embodies the honey badger. He just takes whatever he wants and nothing is going to stop him."

16. The online Urban Dictionary contains dozens of definitions for the word "honey badger," which include "the ultimate badass of the animal kingdom," the "Chuck Norris of the animal kingdom," and one who "takes what he wants and he will do anything to get it."

17. The phrase has been applied to a wide variety of items and things, such as the "honey badger stock market," in which the stock market has continued to grow in spite of bad news, and a "honey badger" bicycle, which is advertised as "Use it on any day, any trail, for whatever reason."

18. A brief Internet search reveals a huge variety of T-shirts and other products featuring the phrase "Honey Badger" being sold or created by a wide variety of sources other than Gordon.

19. Tanga is engaged in the business of promoting and selling T-shirts and other products to individuals and businesses. Tanga operates web sites at www.tanga.com and www.lolshirts.com to promote and sell its products. Tanga's web sites allow customers to view and order T-shirts over the Internet.

20. Many of the T-shirts that Tanga sells are based on satirical humor and include phrases such as "I thought I was antisocial. Turns out I just hate idiots." and "I

shook my family tree and a bunch of nuts fell out."

21. This dispute arose after Tanga produced a limited number of T-shirts featuring the phrase "honey badger." These shirts included the phrases "Honey Badger Don't Care," "Honey Badger Don't Give a $%*#!," "Honey Badger Don't Care, Doesn't Mean Honey Badger Don't Feel," and "Honey Badger Cares!"

22. Shortly after Tanga starting selling these products, which are similar to a wide variety of T-shirts being sold by other vendors, Tanga received a letter from Gordon's attorney that accused Tanga of "improperly infringing and trading on the good will of Gordon's trademarks."

23. According to the letter, Gordon owns the trademark "Honey Badger Don't Care" and has allegedly "invested considerable time and money establishing exclusive proprietary rights in the mark."

24. Gordon has obtained four federal trademark registrations for the phrase "Honey Badger Don't Care" that cover a variety of goods (Reg. Nos. 4,505,791, 4,281,272, 4,419,081, and 4,419,079).

25. Gordon also referred to his YouTube video and claims that "[t]he entire video performance has been copyrighted," even though, on information and belief, Gordon has no rights to the actual video footage from National Geographic used in his YouTube video.

26. Gordon's letter demanded that Tanga immediately cease and desist from selling products featuring the phrase "Honey Badger Don't Care," that it remove all references to the phrase from its advertising and web site, and that it provide "accurate, complete, and verifiable information of the quantity, location and dollar value" of all products sold and all inventory remaining on hand.

27. Gordon also threatened Tanga with litigation if Tanga did not respond to Gordon by August 19, 2014 and asserted that Tanga was subject to "significant

19930365

exposure," including "recovery of [the] company's profits, recovery of Gordon's damages, treble damages (an award of up to triple the amount of lost profits, actual damages and costs), statutory damages, punitive damages, and recovery of all attorney's fees incurred."

28. Gordon also asserted that he "would have no alternative but to commence litigation against your company without any further notice" if Tanga failed to provide a "satisfactory written response to these demands."

29. Following the receipt of this letter and Tanga's threat of litigation, Tanga's counsel contacted Gordon's counsel to inquire about resolving the dispute. Gordon's counsel informed Tanga's counsel that Gordon would initiate litigation if Tanga failed to pay money to Gordon to resolve this dispute and that Tanga would be in effect wasting its time if it failed to pay money damages to Gordon.

30. Tanga believes that Gordon will follow through with its threat of litigation because Gordon recently sued a company in California by the name of Bustedtees, and also was sued for declaratory relief in Pennsylvania by a company called Noisebot, LLC after Gordon apparently made similar threats to Noisebot, LLC.

31. Gordon's demand letter, along with Gordon's subsequent objections and litigious activity, has created a real and reasonable apprehension of liability on the part of Tanga, i.e., that Gordon planned to sue Tanga for trademark infringement, copyright infringement and unfair competition relating to the use of the phrase "honey badger" on the T-shirts that it formerly sold.

32. Tanga already ended its sales of T-shirts featuring the phrase "honey badger." Tanga lost money and did not realize any profit from the sales of these T-shirts.

33. Tanga's use has not infringed any rights belonging to, nor has it damaged, Gordon.

- 6 -

19930365

## Count One

## Declaration of Non-Infringement

34. Tanga incorporates all allegations set forth in this complaint into this claim seeking declaratory judgment.

35. Gordon contends that Tanga's use of wording that includes the terms "honey badger" constitutes trademark infringement, copyright infringement, and unfair competition under federal law, and that Gordon is entitled to damages, injunctive relief, and attorneys' fees and costs for Tanga's allegedly infringing use.

36. Tanga's use of this phrase does not constitute trademark infringement, copyright infringement, or unfair competition.

37. The phrases "honey badger" and "honey badger don't care" are generic or used in a merely descriptive sense such that Tanga's use does not infringe any right belonging to Gordon.

38. There is no likelihood of confusion between Gordon and Tanga because the phrase "honey badger" is used by many different commercial and non-commercial sources, such that customers do not recognize the phrase as indicating any particular source.

39. The phrase "honey badger don't care" does not and cannot function as a trademark for clothing because multiple parties use it and consumers cannot identify Gordon or any other person or entity as the source behind the hundreds of products identified with the phrases "honey badger" and "honey badger don't care."

40. Tanga's use of wording that includes "honey badger" does not constitute unfair competition and has not caused, and is not likely to cause, confusion, mistake, or deception among the public over whether any business or commercial activity of Tanga has its source of origin with Gordon or is in some manner approved by, associated with, sponsored by, or connected with Gordon.

19930365

41. Tanga further denies that its sales of T-shirts or its use of "honey badger" has damaged Gordon in any way.

42. Tanga did not realize any profits from its sales of T-shirts that included the wording "honey badger."

43. There is an actual and justiciable controversy between Tanga and Gordon over whether, and to what extent, Tanga's use of "honey badger" constitutes trademark infringement, copyright infringement, or unfair competition, or infringes any of Gordon's other rights. Tanga seeks a declaratory judgment on these issues.

44. There is an actual and justiciable controversy between Tanga and Gordon over whether, and to what extent, Tanga's conduct has damaged Gordon. Tanga seeks a declaratory judgment on that issue as well.

45. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties.

### Count Two

### Cancellation of Federal Trademark Registrations

46. Tanga incorporates all allegations set forth in this complaint into this claim seeking cancellation of Gordon's federal trademark registrations .

47. Gordon claims ownership of U.S. Trademark Registration Nos. 4,505,791, 4,281,272, 4,419,081, and 4,419,079, all of which cover the phrase "Honey Badger Don't Care" for various goods.

48. As set forth above, the phrase "Honey Badger Don't Care" is not protectable because it is a generic phrase that is commonly used by a wide variety of different sources.

49. Consumers do not associate the phrase "Honey Badger Don't Care" with any particular source.

- 8 -

19930365

50.     Pursuant to 15 U.S.C. § 1119, the Court should order the cancellation of these registrations due to the genericness, and common and ordinary meaning, of these phrases.

WHEREFORE, Tanga prays for relief as follows:

1.      That this Court, adjudge, decree, and declare that Gordon has not been using the phrase "Honey Badger Don't Care" as a trademark because this phrase does not and cannot function as a source indicator.

2.      That this Court cancel U.S. Trademark Registration Nos. 4,505,791, 4,281,272, 4,419,081, and 4,419,079.

3.      That this Court adjudge, decree and declare that Tanga's use of wording that includes "honey badger" on T-shirts does not infringe any valid trademark owned by Gordon;

4.      That this Court adjudge, decree and declare that Tanga's use of wording that includes "honey badger" or images of a honey badger on T-shirts does not infringe any valid copyright owned by Gordon;

5.      That this Court adjudge, decree and declare that Tanga's use of wording that includes "honey badger" on T-shirts does not constitute unfair competition with Gordon;

6.      That this Court adjudge, decree and declare that Tanga's use of wording that includes "honey badger" on T-shirts does not infringe any of Gordon's other rights;

7.      That this Court adjudge, decree and declare that Tanga's use of wording that includes "honey badger" on T-shirts has not damaged Gordon in any way;

8.      That this Court enter judgment in favor of Tanga for its costs and reasonable attorneys' fees to the extent permitted by law; and

9.      That Tanga be awarded such further relief as this Court may deem proper and just.

19930365

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Tanga hereby demands trial by jury of all issues triable by a jury.

DATED this 21st day of August, 2014.

                        SNELL & WILMER L.L.P.


                    By  s/Joseph G. Adams
                        Joseph G. Adams
                        J. Damon Ashcraft
                        One Arizona Center
                        400 E. Van Buren
                        Phoenix, AZ  85004-2202
                        Attorneys for Plaintiffs

Snell & Wilmer L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000