WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanga.com LLC, et al., | No. CV-14-01871-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Christopher Gordon, | |
| Defendant. | |

Pending before the Court is Defendant Christopher Gordon's Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Dismiss for Improper Venue or to Transfer Venue. (Doc. 12.) For the following reasons, the Motion to Dismiss for lack of personal jurisdiction is granted and the Alternative Motion to Dismiss for Improper Venue or to Transfer Venue is denied as moot.

**BACKGROUND**

This suit arises from a copyright and trademark dispute between Plaintiff Tanga.com LLC ("Tanga") and Defendant Christopher Gordon. Gordon created a popular Internet video by replacing the existing audio of a nature video about honey badgers with his own comical narration. In the video, Gordon often uses the phrase, "Honey Badger Don't Care." Gordon has allegedly copyrighted his narration in the video and trademarked the phrase, "Honey Badger Don't Care."

Plaintiff Tanga.com LLC ("Tanga") is a Delaware limited liability company with its headquarters in Chandler, Arizona that sells merchandise over the Internet. Gordon alleges that Tanga sells t-shirts and other merchandise bearing the "Honey Badger Don't

1  Care" trademark and other expressions from Gordon's copyrighted narration.

2  On July 25, 2014, Gordon sent Tanga a cease and desist letter, and on August 15, 2014, Tanga filed suit for declaratory relief, requesting a declaration of non-infringement and cancellation of Gordon's federal trademark registrations. Gordon, in response, filed the current Motion, claiming that Gordon does not have sufficient contacts in Arizona to support personal jurisdiction. Tanga has submitted affidavits and other evidence of Gordon's contacts in Arizona, which include travelling to a bookstore in Tempe to promote a book about honey badgers, selling his book through that bookstore, placing a phone call to a radio station to promote the book, creating a website that allows Arizona residents to purchase memorabilia over the Internet, and sending the cease and desist letter to Tanga.

## DISCUSSION

**I.     Legal Standard**

Because the Court is resolving this Motion without holding an evidentiary hearing, Tanga "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). That is, it "need only demonstrate facts that, if true, would support jurisdiction over the defendant." *Ballard*, 65 F.3d at 1498. "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

To establish the prima facie case for personal jurisdiction, the plaintiff has the burden of showing that: (1) the forum state's long-arm statute confers jurisdiction over the nonresident defendant; and (2) the exercise of jurisdiction comports with principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v.*

*American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Due process requires a nonresident defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). There are two types of personal jurisdiction, general and specific. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.5 (1985). General jurisdiction allows a court to entertain all actions against defendants because they have significant, continuous contacts with a forum state, while specific jurisdiction allows only actions against defendants that relate directly to their contacts with the forum state because the contacts are minimal. *See id.* In its Response to Gordon's Motion, Tanga makes no argument that this Court may exercise general jurisdiction over Gordon. Rather it asserts that specific jurisdiction exists.

### A. Specific Jurisdiction

Defendants' contacts with the forum state are sufficient to subject them to the state's specific jurisdiction if (1) they purposefully directed tortious activities at the forum or a resident thereof or performed some act by which they purposefully availed themselves of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Brainerd*, 873 F.2d at 1259.

#### 1. Purposeful Availment and "Arising out of"

The Ninth Circuit has held that the specific jurisdiction test "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (per curiam) (applying this hybrid purposeful availment/direction test to a plaintiff's claims for declaratory judgment regarding the enforceability of orders issued by a French court). Under either of these tests, plaintiffs must also show that their suit arises out of the

defendant's contacts in the forum state. *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *Bancroft & Masters*, 223 F.3d at 1088. This "arising out of" requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Omeluk*, 52 F.3d at 271.

Purposeful availment "requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus on the defendant's affirmative conduct is designed to ensure that the defendant is not haled into court as the result of random, fortuitous, or attenuated contacts." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citation omitted). A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the forum.'" *Gray*, 913 F.2d at 760 (quoting *Burger King*, 471 U.S. at 475–76); *see Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997) (stating that "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents") (citing *Ballard*, 65 F.3d at 1498).

In contrast, courts evaluate purposeful direction using the *Calder* "effects test." *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Under the "effects test," the defendant must allegedly have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). All three elements of the test must be satisfied. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805 (9th Cir. 2004). "A finding of 'express aiming' . . . does not mean 'that a foreign act with foreseeable effects in the forum states always gives rise to specific jurisdiction.'" *Dole*, 303 F.3d at 1112 (quoting *Bancroft*, 223 F.3d at 1087). Under the causing harm requirement, the Ninth Circuit has made it clear that any intentional conduct must be "targeted at a plaintiff whom the defendant knows to

be a resident of the forum state." *Bancroft*, 223 F.3d at 1087.

Tanga has not met its burden of showing that Gordon purposefully availed himself of the opportunity of doing business in Arizona, or that he purposefully directed activity at this state or its occupants. As mentioned above, Gordon's contacts include making a trip to a bookstore in the Tempe to promote a book about honey badgers, selling his book through that bookstore, making a phone call to a radio station to promote the book, creating a website that allows Arizona residents to purchase memorabilia over the Internet, and sending the cease and desist letter to Tanga. These activities, taken together, would likely constitute purposeful availment of the opportunity of doing business in Arizona if they were the events that gave rise to the current suit. *See Sher v. Johnson*, 911 F.2d 1357, 1363–64 (9th Cir. 1990) (finding that a partnership's making phone calls and sending letters into the forum state, visiting the state for business, and having a deed of trust executed in favor of the partnership gave rise to the plaintiff's suit and provided sufficient evidence of purposeful availment). However, in this case the only activity of Gordon's that was the "but for" cause of Tanga's suit against Gordon was the cease and desist letter that Gordon sent to Tanga. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123–24 (9th Cir. 2002) (refusing to analyze defendant's contacts of shipping products into the forum state as purposeful availment because they did not give rise to the suit and holding that there was no personal jurisdiction over defendant); *Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown*, 42 F.3d 1398 (9th Cir. 1994) (holding that a defendant's brief unrelated trip did not give rise to the plaintiff's suit and was, thus, not considered in the personal jurisdiction analysis). Thus, the cease and desist letter is the only contact that could give rise to personal jurisdiction in this case.

It is well settled law that "a cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter." *Yahoo*, 433 F.3d at 1208; *see also Cascade Corp. v. Hiab–Foco AB*, 619 F.2d 36, 38 (9th Cir. 1980); *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1380 (9th Cir. 1981); *Douglas Furniture Co. of Cal.,*

- 5 -

*Inc. v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 903 (C. D. Cal. 1997). In both *Yahoo* and another recent case, *Bancroft & Masters*, the Ninth Circuit found specific personal jurisdiction to exist over defendants who sent cease and desist letters into a forum state because, beyond sending the letters, they had other forum related activities that gave rise to the plaintiffs' claims. *See Yahoo*, 433 F.3d at 1208; *Bancroft & Masters*, 223 F.3d at 1087. (emphasis added).  In *Yahoo*, the defendant had obtained orders from French courts directing the plaintiff to perform actions in the forum state, which gave rise to the plaintiff's claims in the forum state. 433 F.3d at 1208. In *Bancroft & Masters*, the sent a cease and desist letter both to the plaintiff and to a third-party corporation, which had competing claims to an Internet domain name, with the intent of triggering the dispute resolution procedures of the third-party corporation. 223 F.3d at 1087. The court in *Bancroft & Masters* found that this triggering of the dispute resolution procedures gave rise to the plaintiff's suit and held that it constituted purposeful direction. *Id.*

In the present case, as noted above, Gordon has directed no activity at Arizona that gave rise to Tanga's claims beyond sending a cease and desist letter to Tanga. This differentiates the present case from both *Yahoo* and *Bancroft & Masters* and prevents this Court from acquiring jurisdiction over Gordon.

### 2.     **Reasonableness and Venue**

Because Tanga has not satisfied the first and second prongs of the personal jurisdiction test, the Court need not consider the reasonableness of exercising jurisdiction. *See Schwarzenegger*, 374 F.3d at 802. Because the Court lacks personal jurisdiction over a defendant, the venue concerns in the present case have become moot. *See Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown*, 42 F.3d 1398 (9th Cir. 1994) (affirming a district court's decision to dismiss for lack of personal jurisdiction and deny a motion to transfer venue as moot).

### CONCLUSION

Tanga has failed to meet its burden of making a prima facie case of personal jurisdiction over Gordon. Dismissal is appropriate, and the venue concerns raised by

Gordon have become moot.

**IT IS THEREFORE ORDERED** that Defendant Christopher Gordon's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**, and the Alternative Motion to Dismiss for Improper Venue or Transfer Venue, (Doc. 12.) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 9th day of February, 2015.

_____
Honorable G. Murray Snow
United States District Judge